Filed 2/24/22  P. v. Presler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093972 |
| v. | (Super. Ct. No. CRF202569) |
| MICHAEL ANTHONY PRESLER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Anthony Presler asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In November 2020, police officers received information about someone stealing packages from porches.  Police stopped a car and an occupant identified defendant, who was a passenger, as the person who had stolen an envelope off someone's porch. Officers detained defendant and found a fixed blade knife in his pocket.  Defendant gave

1

officers a false name. Defendant was on probation at the time, was searchable, and was prohibited from possessing the knife.

The People charged defendant with felony carrying a dirk or dagger (Pen. Code, § 21310 -- count 1),[1] misdemeanor giving false information to a police officer (§ 148.9, subd. (a) -- count 2), and misdemeanor petty theft of items with a value not exceeding $950 (§§ 484, subd. (a), 490.2 -- count 3). As to count 1, it was further alleged defendant had a prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12.) Defendant pleaded no contest to count 1 (§ 21310) and admitted the prior strike conviction in exchange for a 32-month state prison sentence.

At sentencing, the trial court denied defendant's request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. Per the parties' agreement, the trial court sentenced defendant to 32 months in state prison (the low term of 16 months doubled for the prior strike conviction). The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless probation is revoked) (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                    /S/
                                          MAURO, J.



We concur:



        /S/
ROBIE, Acting P. J.



        /S/
DUARTE, J.

3